UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

CENTURY 21 DEPARTMENT STORES LLC, *et al.*,

       Debtors.[1]

**Chapter 11**

**Case No. 20-12097 (SCC)**

**(Jointly Administered)**

STEPHANIE VUKOSAVLJEVIC, on behalf of
herself and all others similarly situated,

       Plaintiff,

           v.

CENTURY 21 DEPARTMENT STORES LLC,

       Defendant.

**Adversary Proceeding**

**Case No. 20-01344 (SCC)**

**DEFENDANT CENTURY 21'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Allan S. Bloom
Andrew M. Sherwood
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel: (212) 969-3000
abloom@proskauer.com
asherwood@proskauer.com

*Attorneys for Defendant*
CENTURY 21 DEPARTMENT
STORES LLC

---

[1]  The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Century 21 Department Stores LLC (4073), L.I. 2000, Inc. (9619), C21 Department Stores Holdings LLC (8952), Giftco 21 LLC (0347), Century 21 Fulton LLC (4536), C21 Philadelphia LLC (2106), Century 21 Department Stores of New Jersey, L.L.C. (1705), Century 21 Gardens of Jersey, LLC (9882), C21 Sawgrass Blue, LLC (8286), C21 GA Blue LLC (5776), and Century Paramus Realty LLC (5033).  The Debtors' principal place of business is: 22 Cortlandt Street, 5th Floor, New York, NY 10007.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................. 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .......................................... 1

ARGUMENT ............................................................................................................. 3

    I.       PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION ........................... 3

          A.      Plaintiff Entered into a Valid and Enforceable Agreement to Arbitrate... .......................................................................................... 4

          B.      Plaintiff's Claims Are Within the Arbitration Agreement's Scope ............ 5

          C.      Century 21 Requests Oral Argument on this Motion After the Plan Becomes Effective ..................................................................................... 6

CONCLUSION ......................................................................................................... 7

TABLE OF AUTHORITIES

Page(s)

**CASES**

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011)..................................................................................................3

*Aviall, Inc. v. Ryder Sys., Inc.*,
913 F. Supp. 826 (S.D.N.Y. 1996) ...........................................................................4

*Chimart Assocs. v. Paul*,
66 N.Y.2d 570 (1986) ...............................................................................................4

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985)...................................................................................................3

*Doctor's Assocs., Inc. v. Casarotto*,
517 U.S. 681 (1996)...................................................................................................5

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018)...............................................................................................3

*Forbes v. C.S. First Boston Corp.*,
No. 95-cv-1405-KTD, 1995 WL 746566 (S.D.N.Y. Dec. 14, 1995) .......................6

*Gold v. Deutsche Aktiengesellschaft*,
365 F.3d 144 (2d Cir. 2004)......................................................................................5

*Katz v. Cellco P'ship*,
794 F. 3d 341 (2d Cir. 2015).....................................................................................6

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017).........................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983).......................................................................................................4

*Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*,
88 F. 3d 129 (2d Cir. 1996)........................................................................................4

*New York Hotel & Motel Trades Council v. CF 43 Hotel*,
15-cv-5997-RMB, 2017 WL 2984168 (S.D.N.Y. June 14, 2017)............................6

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016).......................................................................................3

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010).......................................................................................................5

*Suqin Zhu v. Hakkasan NYC LLC*,
    291 F. Supp. 3d 378 (S.D.N.Y. 2017)........................................................................5

*White v. WeWork Cos.*,
    No. 20-cv-1800-CM, 2020 WL 3099969 (S.D.N.Y. June 11, 2020).........................4

**STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ........................................................ passim

New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab.
    L. § 860 *et seq.* .....................................................................................................3, 6

Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ................... passim

Defendant Century 21 Department Stores LLC ("Century 21") respectfully submits this memorandum of law in support of its motion to compel arbitration and stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA").

## PRELIMINARY STATEMENT

Plaintiff Stephanie Vukosavlijevic's claims must be adjudicated in arbitration because she expressly agreed to arbitrate all disputes arising out of her employment relationship with Century 21. In disregard of her contractual obligation to arbitrate, Plaintiff commenced this adversary proceeding, asserting claims that arise exclusively from her employment relationship with Century 21 and, therefore, clearly subject to arbitration agreement, as she agreed. Accordingly, Century 21 respectfully seeks an order pursuant to sections 3 and 4 of the FAA, staying this action and compelling Plaintiff to arbitrate the claims asserted in her complaint on an individual basis, pursuant to her arbitration agreement with Century 21.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

<u>Plaintiff's Employment with Century 21 and Arbitration Agreement</u>

Century 21 employed Plaintiff in New York from 2012 through 2020. (*See* ECF No. 1 ("Compl.") at ¶¶ 9–10.) On October 8, 2018, Plaintiff signed a valid and binding arbitration agreement with Century 21 (the "Arbitration Agreement"),[2] in which the parties agreed to arbitrate any and all disputes arising out of Plaintiff's employment with Century 21. The Arbitration Agreement includes, among other things, an obligation to arbitrate any claims arising from the termination of Plaintiff's employment and/or under the federal Worker Adjustment and

---

[2] A copy of the Arbitration Agreement is attached as Exhibit ("Ex.") A to the accompanying Declaration of Andrew M. Sherwood ("Sherwood Decl."), filed herewith.

Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") or similar state laws. (*See*

Sherwood Decl., Ex. A, at 2, ¶ 1.) Specifically, the Arbitration Agreement states:

> **Covered Claims/Disputes**. Unless the claim or dispute is expressly excluded below, this Agreement applies to all claims or disputes, past, present, or future, that Company may have against you or that you may have against Company or its officers, directors, shareholders, members, owners, and employees (all of whom may enforce this Agreement as a direct or third-party beneficiary).
>
> The claims and disputes subject to arbitration are those that in the absence of this Agreement could be brought under applicable law, including all statutory and common law claims, unless otherwise excluded below.
>
> Except as it otherwise provides, the Agreement covers, without limitation, **claims arising out of or related to your application for employment, employment, or separation/termination of employment** (including, but not limited to, tort claims, equitable claims, and claims related to discrimination, harassment, retaliation, defamation, breach of a contract, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation or monies claimed to be owed, and meals, breaks, and rest periods) … **and claims under … [the] Worker Adjustment and Retraining Notification Act** . . . and state or local statutes, if any, addressing the same or similar subjects.

(*Id.*[3] (paragraph breaks added).)

The Arbitration Agreement provides that the parties must proceed to arbitration before

the American Arbitration Association ("AAA") under its Employment Arbitration Rules. (*Id.* at

2, ¶ 5.) The Arbitration Agreement also includes a class action waiver provision, which states in

part:

> **Class Action Waiver.** You and Company agree to bring any covered claim or dispute in arbitration only, and not as a class or collective action; you and Company waive any right for a dispute or claim to be brought, heard, or decided as a class or collective action, and the Arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

(*Id.* at 2, ¶ 4.)

---

[3] All emphasis herein has been added unless otherwise specified.

Plaintiff's Termination and Lawsuit

Century 21 terminated Plaintiff's employment on June 9, 2020 as part of a reduction-in-force. (Compl. ¶ 10.) On September 10, 2020, Century 21 filed for chapter 11 bankruptcy protection in this Court. (Case No. 20-12097-SCC, ECF No. 1 *et seq.*)

On December 10, 2020, Plaintiff filed a putative class action complaint in this Court, alleging that Century 21 violated the WARN Act and the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. L. § 860 *et seq.* ("NY WARN Act"). (Compl. at ¶ 2.) Plaintiff also asserts a claim for alleged unpaid bonus compensation and sick time under New York law. (*Id.* at ¶ 64.)

## ARGUMENT

### I.  PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION

The FAA states that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA, and the strong federal policy favoring arbitration that it embodies, "requires courts rigorously to enforce arbitration agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (internal quotation and citation omitted). *See also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted) (discussing the "liberal federal policy favoring arbitration" under the FAA); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) ("This policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes.") (alteration and citation omitted), *aff'd*, 815 F. App'x 612 (2d Cir. 2020).

The FAA, "[b]y its terms … leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v.*

*Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original); 9 U.S.C. §§ 3, 4. The law is clear that

arbitration clauses are to be construed as broadly as possible, and "any doubts concerning the

scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand

is the construction of the contract language itself or an allegation of waiver, delay, or a like

defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

24–25 (1983).

Whether a dispute is arbitrable under the FAA is answered by two questions: (1) whether

there is a valid agreement to arbitrate, and, if so, (2) whether the subject of the dispute is within

the scope of the arbitration agreement. *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88

F. 3d 129, 135 (2d Cir. 1996); *White v. WeWork Cos.*, No. 20-cv-1800-CM, 2020 WL 3099969,

at *3 (S.D.N.Y. June 11, 2020) (applying *Nat'l Union Fire Ins. Co.* standard). Because Plaintiff

entered into a valid agreement to arbitrate her claims and the claims before the Court fall

squarely within the scope of that agreement, the Court should compel arbitration of Plaintiff's

claims.

### A. Plaintiff Entered into a Valid and Enforceable Agreement to Arbitrate.

To determine whether an arbitration agreement is valid, a court will look to state contract

law. *See White*, 2020 WL 3099969, at *3 (citing *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73–74

(2d Cir. 2017)). Under New York law, "there is a heavy presumption that a deliberately

prepared and executed written instrument manifests the true intention of the parties." *Chimart

Assocs. v. Paul*, 66 N.Y.2d 570, 574 (1986) (citation and internal marks omitted); *see also Aviall,

Inc. v. Ryder Sys., Inc.*, 913 F. Supp. 826, 831 (S.D.N.Y. 1996) ("New York contract law

presumes that a written agreement is valid and that it accurately reflects the intention of the

parties, and imposes a heavy burden on the party seeking to disprove those presumptions.").

Plaintiff is a college-educated individual who had been working for Century 21 for more than five years when she agreed to the Arbitration Agreement in 2018.  (*See* Compl. ¶ 10.) Courts consistently hold that "in the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract . . . is conclusively presumed to know its contents and to assent to them." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (internal citations and quotations omitted).  Thus, to defeat this strong presumption of validity, Plaintiff must show she entered into the Arbitration Agreement under fraud, duress, or unconscionability.  *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *see also Suqin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 391 (S.D.N.Y. 2017) (compelling arbitration when no procedural or substantive unconscionability was at issue). Plaintiff can make no such showing.

### B.      Plaintiff's Claims Are Within the Arbitration Agreement's Scope.[4]

Plaintiff's claims in the instant lawsuit are clearly within the scope of the Arbitration Agreement, in which Plaintiff agreed to arbitrate

> all claims or disputes, past, present, or future, that . . . [Plaintiff] may have against [the] Company . . . . [including] claims arising out of or related to [Plaintiff's] application for employment, employment, or separation/termination of employment . . . . [including] claims under … [the] **Worker Adjustment and Retraining Notification Act . . . and state or local statutes**, if any, addressing the same or similar subjects.

---

[4]  Although the Arbitration Agreement provides that "[t]he Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement," we nonetheless address the gateway question of enforceability here for the Court's convenience. (Sherwood Decl., Ex. A at 2, ¶ 1.)  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (analyzing a virtually identical delegation provision in Rent–A–Center's arbitration agreement: "[t]he Arbitrator ... shall have exclusive authority to resolve any dispute relating to the ... enforceability ... of this Agreement").

(Sherwood Decl., Ex. A, at 2.)  The Arbitration Agreement expressly requires Plaintiff to arbitrate the claims she has asserted in this action.[5]

### C. Century 21 Requests Oral Argument on this Motion After the Plan Becomes Effective.

In accordance with the January 27, 2021 Stipulation and Order (ECF No. 13), Plaintiff's deadline to file her brief in opposition to this motion is March 19, 2021 and Century 21's deadline to file its reply brief is April 9, 2021.  Pursuant to the *Debtors' Motion for Entry of an Order (I) Approving (A) the Adequacy of Information in the Disclosure Statement, (B) Solicitation and Voting Procedures, and (C) Certain Dates with Respect to Plan Confirmation, and (II) Granting Related Relief*, Century 21 seeks a hearing to confirm *Debtor's Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") on April 26, 2021.  Upon the effective date of the Plan, a Plan Administrator will be appointed and will act as the sole manager and sole officer of the Debtor and shall succeed to the powers of the Debtor's directors, managers, and officers.  Accordingly, the Plan Administrator will  "step into the shoes" of Century 21 in this action.  To preserve the rights of the Plan Administrator and allow it to present its position to this Court, Century 21 respectfully requests oral argument on this motion and requests that such oral argument be held after the Plan becomes effective.

---

[5]  There is no dispute that WARN Act claims are arbitrable.  *See, e.g.*, *Forbes v. C.S. First Boston Corp.*, No. 95-cv-1405-KTD, 1995 WL 746566, at *1 (S.D.N.Y. Dec. 14, 1995) (granting motion to stay district court action pending arbitration of WARN Act claims); *New York Hotel & Motel Trades Council v. CF 43 Hotel*, 15-cv-5997-RMB, 2017 WL 2984168, at *5 (S.D.N.Y. June 14, 2017) (confirming arbitral award under New York WARN Act).

## **CONCLUSION**

For all the foregoing reasons, Century 21 respectfully requests that the Court compel

Plaintiff to arbitrate her claims against Century 21 on an individual basis, in accordance with the

Arbitration Agreement and stay judicial proceedings pending the resolution of the arbitration.[6]

Dated: February 11, 2021
      New York, New York

Respectfully submitted,

*/s/ Allan S. Bloom*
Allan S. Bloom
Andrew M. Sherwood
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
abloom@proskauer.com
asherwood@proskauer.com

*Attorneys for Defendant*
CENTURY 21 DEPARTMENT STORES LLC

---

[6] Upon granting a motion to compel arbitration, this Court should stay all proceedings pending arbitration. *See* 9 U.S.C. § 3; *Katz v. Cellco P'ship*, 794 F. 3d 341, 345 (2d Cir. 2015) (a stay of proceedings is mandatory after "all claims have been referred to arbitration and a stay [has been] requested" by a party).