# EXHIBIT A

DocuSign Envelope ID: 5642295F-31F6-4B29-A7AF-85C3A888856B



**A Message from Nancy Straface, Chief Human Resources Officer:**

## Century 21 Dispute Resolution Program

Century 21's Open Door Policy is intended to ensure that all employees feel confident in discussing any issue that impacts you at work. We believe that when we are driven by our Core Values (Respect, Communicate, Teamwork, Honesty, Grow, Positivity, Amaze) we can resolve our differences together and create a better working relationship and a stronger company for all.

When issues arise, they should be discussed with the person or people directly involved. You may also talk to your manager, Pyramid Head, or your Human Resources representative.

C21 has an "Open Door Policy" which is essential to our ability to communicate, collaborate, and resolve issues together.

> **Open Door Policy**
> If you have a complaint or problem:
> Discuss the situation with your immediate supervisor, Store Manager, or Pyramid Head, and he/she will do his/her best to correct the situation.
>
> If the situation persists, discuss it with a member of Human Resources, and he/she will strive to settle the issue in a fair and equitable manner.
>
> It is Century 21's policy that all employee comments be given full consideration. There will be no retaliation against any employee for offering his or her views in good faith.

Under certain circumstances an investigation may be necessary and will be conducted by Human Resources. In the rare cases when legal disputes arise between the Company and its employees, the Arbitration Agreement provides that both parties agree to arbitrate covered disputes rather than litigate in a court.

### Action Required
All non-union employees will be receiving a copy of the Arbitration Agreement via an email from DocuSign today (Non-union store team members will be receiving the Agreement from their supervisor). This agreement must be signed electronically via the DocuSign site no later than **Friday October 12, 2018.**

**NOTE: This agreement is a contract and covers important issues relating to your rights. It is your sole responsibility to read it and understand it. You are free to seek assistance from independent advisors of your choice outside the Company or to refrain from doing so if that is your choice. There is a version of this agreement in Spanish, available upon request.**

**NOTA: Este acuerdo es un contrato y atiende aspectos importantes relacionados a sus derechos. Es su responsabilidad absoluta leerlo y entenderlo. Tiene la libertad de buscar la asistencia de asesores independientes de su elección, fuera de la Empresa, o de abstenerte de buscar asistencia si esa es su elección. Hay una versión de este acuerdo en español, disponible a su pedido.**

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

This Mutual Agreement to Arbitrate Claims ("Agreement") is entered into between you and Company. Any reference to Company is intended to refer to the entity or entities that employs or has employed you or that you have applied for employment with, including, without limitation, Century 21 Department Stores, LLC and LI 2000 Inc., and Company's parent companies, subsidiaries, and affiliated entities, and all predecessors, successors and assigns of any entity included in this definition of Company. You and Company acknowledge and agree that this Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 – 16) and survives after the employment relationship terminates. **ALL DISPUTES COVERED BY THIS AGREEMENT SHALL BE DECIDED BY AN ARBITRATOR THROUGH FINAL AND BINDING ARBITRATION AND NOT BY A COURT, JURY TRIAL, OR ANY OTHER ADJUDICATORY PROCEEDING**.

1. **Covered Claims/Disputes**. Unless the claim or dispute is expressly excluded below, this Agreement applies to all claims or disputes, past, present, or future, that Company may have against you or that you may have against Company or its officers, directors, shareholders, members, owners, and employees (all of whom may enforce this Agreement as a direct or third-party beneficiary). The claims and disputes subject to arbitration are those that in the absence of this Agreement could be brought under applicable law, including all statutory and common law claims, unless otherwise excluded below. Except as it otherwise provides, the Agreement covers, without limitation, claims arising out of or related to your application for employment, employment, or separation/termination of employment (including, but not limited to, tort claims, equitable claims, and claims related to discrimination, harassment, retaliation, defamation, breach of a contract, fraud, negligence, emotional distress, breach of fiduciary duty, trade secrets, unfair competition, wages or other compensation or monies claimed to be owed, and meals, breaks, and rest periods) and claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefits Protection Act, Family Medical Leave Act, Fair Labor Standards Act, Fair Credit Reporting Act, Equal Pay Act, Pregnancy Discrimination Act, False Claims Act, Occupational Safety and Health Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, and Genetic Information Non-Discrimination Act, and state or local statutes, if any, addressing the same or similar subjects. The Arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement. However, the preceding sentence shall not apply to the "Class Action Waiver" described in Section 4 below. Regardless of anything else in this Agreement or the American Arbitration Association ("AAA") Rules (referenced below), any dispute relating to the interpretation, applicability, or enforceability of the Class Action Waiver, or any dispute relating to whether this Agreement precludes a class or collective action proceeding, may only be determined by a court and not an arbitrator.

2. **Excluded Claims/Disputes**. This Agreement does not apply to claims for worker's compensation, state disability insurance or unemployment insurance benefits; however, it does apply to retaliation claims based upon seeking such benefits. This Agreement does not apply to claims for employee benefits under any benefit plan covered by the Employee Retirement Income Security Act of 1974 or funded by insurance. The Agreement does not apply to any claim that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement. Additionally, both you and Company may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, and a court is empowered

DocuSign Envelope ID: 5642295F-31F6-4B29-A7AF-85C3A888856B

to award temporary or preliminary injunctive relief and to address the merits of a particular dispute as necessary for purposes of determining a claim for temporary or preliminary injunctive relief; however, all determinations of final relief shall be decided in arbitration.

Nothing in this Agreement prevents the making of a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities and Exchange Commission, Occupational Safety and Health Administration, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration.

3. **Initiating Arbitration**. A party who wishes to arbitrate a claim or dispute covered by this Agreement must make a written "Request for Arbitration" and deliver it to the other party by hand or mail no later than the expiration of the statute of limitations (the deadline for filing the claim under applicable law). Any Request for Arbitration to Company should be delivered to Company's registered agent for service of process in the state in which the arbitration is to be conducted. Any Request for Arbitration to you shall be provided to the last home address you provided to Company. The Request for Arbitration shall identify the claims asserted, factual basis for the claim(s), and relief and/or remedy sought. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the Request for Arbitration and apply the statute of limitations that would have applied if the claim(s) had been brought in court.

4. **Class Action Waiver.** You and Company agree to bring any covered claim or dispute in arbitration only, and not as a class or collective action; you and Company waive any right for a dispute or claim to be brought, heard, or decided as a class or collective action, and the Arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

In the event a final judicial determination is made that the Class Action Waiver is unenforceable and that a class or collective action may proceed notwithstanding the existence of this Agreement, the Arbitrator is nevertheless without authority to preside over a class or collective action and any class or collective action must be brought in a court of competent jurisdiction.

5. **Arbitrator Selection**. Unless the parties mutually agree otherwise, they shall proceed to arbitration before a single arbitrator before the AAA and under the then-current AAA Employment Arbitration Rules (the "AAA Rules")(the AAA Rules are available through Company's Human Resources Department or the AAA website (www.adr.org)); however, if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern. Unless the parties mutually agree otherwise, the Arbitrator shall be either a former judge or an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will take place. If the parties proceed to arbitration under the AAA, the Arbitrator shall be selected as follows: the AAA shall give each party a list of seven (7) arbitrators drawn from its panel of arbitrators. Each party shall have fourteen (14) calendar days from the date the list is sent to the parties to strike all names on the list he/she/it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately, with the claimant striking first, until only one remains and that person shall be designated as the Arbitrator. If no common name remains on the lists of all parties, the AAA shall furnish an additional list of seven (7) arbitrators from which the parties shall strike alternately until only one name remains, with the party to strike first determined by a coin toss. That person shall be designated as the Arbitrator. If a person selected cannot serve, the selection process shall be repeated.

6. **Rules/Standards Governing Proceeding**. The Arbitrator may award any remedy available under applicable law, but remedies shall be limited to those that would be available to a party in their individualized capacity for the claims presented to the Arbitrator. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The location of the arbitration proceeding shall be in the county where you currently work

or last worked for Company, unless each party agrees otherwise. The Arbitrator has the authority to entertain a motion to dismiss and/or a motion for summary judgment and shall apply the standards for such motions under the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall apply to the proceeding. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter judgment upon the Arbitrator's decision/award.

The parties have the right to conduct discovery and present witnesses and evidence as needed to present their cases and defenses, and any dispute in this regard shall be decided by the Arbitrator. Each party shall have the right to subpoena witnesses and documents, including documents relevant to the case from third parties. Each party shall have the right to take the deposition of two (2) individual fact witnesses and any expert witness designated by another party. Each party shall have the right to propound one (1) set of written interrogatories (not to exceed fifteen (15)) and one (1) set of request for production of documents (not to exceed twenty-five (25)) to any party. Each party can request that the Arbitrator allow additional discovery, and additional discovery may be conducted by agreement or as ordered by the Arbitrator. At least thirty days before the final hearing, the parties must exchange a list of witnesses and copies of all exhibits to be used at the hearing.

7. **Costs/Fees Associated with Arbitration**. Each party will pay the fees for his/her/its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. Unless otherwise prohibited by law, the claimant shall be responsible for paying an initial filing fee of $200 or an amount equal to the applicable filing fee had the claim been brought in a court of law, whichever is less. Company will pay the Arbitrator's fees and any fee for administering the arbitration. The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

8. **Entire Agreement/Severability**. This is the complete agreement relating to the resolution of disputes covered by this Agreement, and it supersedes any other/previous agreements related to the resolution of disputes covered by this Agreement. Subject to Section 4 above, if any portion of this Agreement is deemed unenforceable, the unenforceable provision or language shall be severed from the Agreement and the remainder of the Agreement will be enforceable. This Agreement may not be modified or terminated absent a writing entered into by both parties.

9. **Your Agreement**. You are accepting and agreeing to the terms of this Agreement by either signing this Agreement by hand (if this is a paper copy) or through an electronic signature (if you are reviewing this Agreement electronically/via computer). You also agree that by agreeing to this Agreement through an electronic signature you are binding yourself just like you had signed it by hand.

**AGREED:**

*Stephanie Vukosavljevic* (DocuSigned by: 57944B35F801454...)   (EMPLOYEE SIGNATURE) (**SIGN BY HAND IF THIS IS A PAPER COPY**)

Stephanie Vukosavljevic   (EMPLOYEE NAME PRINTED)   10/8/2018 7:20:46 AM PDT (DATE)

**AGREED:**     The Company

DocuSign Envelope ID: 5642295F-31F6-4B29-A7AF-85C3A888856B



## Frequently Asked Questions (FAQs)

1. *Who is being asked to sign the Arbitration Agreement?*

   All new and current non-unionized employees, including executives and managers.

2. *What is the purpose of the Arbitration Agreement?*

   In the rare cases when legal disputes arise between the Company and its employees, the Arbitration Agreement provides that both parties agree to arbitrate covered disputes rather than litigate in a court.

3. *Who will run the arbitration?*

   A not-for-profit company called the American Arbitration Association ("AAA") will administer the arbitration. The AAA website is www.adr.org. You can obtain information about AAA from that website.

4. *Is the Arbitration Agreement mandatory?*

   Yes. You are expected to sign the Arbitration Agreement.

5. *Is the Arbitrator neutral?*

   Yes. The arbitrator must be neutral and must make disclosures to both parties. And, both parties participate in selecting the arbitrator.

6. *Should I read the Arbitration Agreement?*

   Absolutely. We expect you to read it. This is an important document that covers how covered legal disputes by and between you and the Company will be handled. You should read it, and it is your obligation to read it.

7. *Can I take the agreement home to review and/or show it to my lawyer or spouse?*

   Yes.

DocuSign Envelope ID: 5642295F-31F6-4B29-A7AF-85C3A888856B

8. *Is arbitration fair?*

We believe it is. In arbitration, you are entitled to the same remedies that an individual plaintiff suing in court would be entitled to, and your claims are decided by a neutral arbitrator.

9. *Do I have to bring all claims in arbitration?*

The Arbitration Agreement covers covered disputes that the Company or you would have otherwise brought in a court of law. It does not cover routine disputes that would not otherwise be subject to a lawsuit. For example, if you are unhappy about your schedule or rate of pay or have a dispute with a coworker or manager, those claims would not be covered under the Arbitration Agreement unless you claim that such issues involve legal claims, such as for discrimination or violation of wage and hour laws, etc. You should review Section 2 of the Agreement.

10. *Does the Arbitration Agreement replace the Company's more informal processes for resolving disputes?*

No. The Company will continue to work with you to resolve workplace disputes. We want to work with you to resolve legal disputes so that the Company may address any issues you may have as soon as possible. We encourage you to bring workplace issues to the attention of your supervisors, management or Human Resources. We continue to believe that workplace disputes usually can be resolved informally between you and the Company before they turn into litigation.